WILLIAM CLEMERSON ET AL *v.* HENRY HARRIS.

Vendor and Purchaser—Parol Sale of Land—Specific Performance—Estoppel.
     Where a party repudiates a parol contract for the sale of land and
   refuses to execute it, he is estopped to claim any of the benefits arising
   therefrom.

APPEAL FROM SHELBY CIRCUIT COURT.

November 17, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

The material objection to the judgment in this case, relates to the amount adjudged against appellants.

The price at which the land sold under the decretal sale, at which the decedent Clemerson and appellee purchased, was $16,-034.36, this is shown by a copy of the bonds. The sale was made about the 13th of December, 1858, and the bonds for the purchase money bore interest from date.

Shortly after the purchase, decedent and appellee entered and occupied the land for one year jointly, during that year, as the proof shows, decedent finding that he could not pay for the land he

was to get, made a parol agreement with appellee, by which the latter was to take all the land and pay for it, and having paid all the purchase money, and appellants, the heirs of decedent John Clemerson, having availed themselves of the statute of frauds and perjuries to prevent a specific execution of the parol agreement before referred to, in this action which was brought by appellee to get the title, the court below adjudged to him the sum of $8538.31, for which he also adjudged appellee had a lien on one-half of said land, and ordered a sale thereof for the payment of said sum.

Appellants claim that the parol sale was made about the 15th of June 1859, at which time the interest on the bonds should stop running as to them, and in that event the judgment is for $277.90 too much.

The parties occupied the farm to the end of the year 1859 jointly, and then had a sale of all the crop and partnership effects for the purposes of division doubtless, so that appellee did not get full possession under his parol agreement to purchase before the end of the year, and perhaps after that time, and decedent having had the use of one-half the farm, it is equitable that his representatives should be made responsible for the interest for one-half its price, for the period he thus had the use of it.

But if appellant repudiate the parol sale of the land, and refused to execute it, it is a strange view they take of it, that they can make said sale available to them to stop the running of the interest from the time when they say it was made, although their brother retained possession till the crop which grew on it was consumed. This view cannot be sanctioned.

Perceiving no error therefore, in the judgment, the same is is *affirmed.*

*Taylor, Wheat,* for appellants.

*Bullock & Davis,* for appellee.